People v Narvaez
2026 NY Slip Op 03925
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Blanca Narvaez, Appellant.

Decided and Entered: June 23, 2026
SCI No. 75121/23|Appeal No. 6949|Case No. 2024-00432|
Before: Renwick, P.J., Scarpulla, González, Rodriguez, O'neill Levy, JJ.

The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Marisol Martinez Alonso, J.), rendered November 27, 2023, convicting defendant, upon her plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing her to three years of probation, unanimously modified, on the law, to the extent of striking the conditions of probation requiring her to pay the surcharge and fees imposed at sentencing, "[s]upport dependents and meet other family responsibilities," "[o]bserve the specified conditions of conduct as set forth in an Order of Protection issued pursuant to CPL 530.12 or 530.13," and "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation," and otherwise affirmed.
The court improvidently imposed four probation conditions as they are not reasonably necessary to ensure that defendant will lead a law-abiding life or to assist her to do so under Penal Law § 65.10(1). Specifically, we strike the condition requiring that defendant pay the surcharge and other fees as she was indigent, unemployed, reliant on public assistance, and struggled with substance abuse (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]; see also People v Wood, 239 AD3d 484, 484 [1st Dept 2025]). Furthermore, as the People acknowledge, the record shows that defendant has no children and lives alone, and there is no evidence that she has any gang association. Thus, no evidence supports the conditions requiring her to support dependents and meet family responsibilities, and to refrain from wearing gang paraphernalia or having any gang association (see People v Tompson, 245 AD3d 609, 610 [1st Dept 2026]). We note that the People do not oppose striking these three conditions.
Contrary to the People's assertion, the condition requiring defendant to observe the conditions of an order of protection was not reasonably necessary based on the particular circumstances of this case (see People v Hale, 93 NY2d 454, 461 [1999]). Neither the instant offense nor defendant's criminal history contains any orders of protection against defendant. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026